**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X

BRITTANY MCDONALD,                                              Case No.:

                                          **Plaintiff,**        <u>**COMPLAINT**</u>

        -against-                                               **Jury Trial Demanded**

ESCAPE THE ROOM EXPERIENCE, LLC, ESCAPE
THE ROOM NYC, VESBRO, INC. and VICTOR BLAKE
A.K.A. VICTOR FLIORENT,

                                          **Defendants.**
-----------------------------------------------------------------------X

Plaintiff BRITTANY MCDONALD ("Plaintiff" or "Ms. McDonald") by and through her

attorneys, SERRINS FISHER LLP, complains of Defendants ESCAPE THE ROOM

EXPERIENCE, LLC ("Escape the Room Experience"), ESCAPE THE ROOM NYC ("Escape the

Room"), VESBRO, INC. ("Vesbro") (Escape the Room Experience, Escape the Room, and Vesbro

are collectively "the Company" or the "Corporate Defendants") and VICTOR BLAKE (A.K.A.

VICTOR FLIORENT) ("Mr. Blake") (the Corporate Defendants and Mr. Blake are collectively

"Defendants") as follows:

<u>**NATURE OF THE ACTION**</u>

1.      This action is brought to challenge Defendants' practice of sexual harassment and gender

discrimination in the terms, conditions, and privileges of Plaintiff's employment in violation of 42

U.S.C. § 2000e *et seq.* ("Title VII"), the New York State Human Rights Law, Executive Law §

296 *et seq.* ("Human Rights Law"), and the Administrative Code of the City of New York, § 8-

101 *et seq.* ("City Law").

2.      Plaintiff also brings this action to challenge Defendant Blake's commission of common

law assault and battery torts against Plaintiff.

1

3.      Pursuant to § 8-502(c) of the City Law, contemporaneously with the filing of this Complaint with the Court, Plaintiff served a copy of this Complaint on the City of New York Commission on Human Rights and on the City of New York Corporation Counsel.

## JURISDICTION AND VENUE

4.      All conditions to jurisdiction under Title VII have been met. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 26, 2015 and received a Notice of her Right to Sue from the EEOC on July 30, 2015, thereby giving Plaintiff the right to proceed in Federal Court and giving this Court jurisdiction.

5.      Jurisdiction of this Court is proper under 28 U.S.C. §1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States.  Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution..

6.      Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## PARTIES

7.      Plaintiff Brittany McDonald is a 25 year old female resident of New York State, Kings County, who was employed by Defendants from in or about April 2014 to on or about September 25, 2014.

8.      Upon information and belief, Defendant Escape the Room Experience is a domestic limited liability company organized and existing under the laws of the State of New York with its principal places of business located at 25 West 31st St., 11th Fl., New York, NY 10001 and 107 Suffolk St., New York, NY 10002.

2

9.      Upon information and belief, Defendant Escape the Room is a domestic company organized and existing under the laws of the State of New York with its principal places of business located at 25 West 31st St., 11th Fl., New York, NY 10001 and 107 Suffolk St., New York, NY 10002.

10.     The Company provides entertainment services to its clientele through interactive puzzles in which participants use clues to escape from a locked room.

11.     Upon information and belief, Defendant Blake is the Founder and Chief Executive Officer ("CEO") of the Company and supervised Plaintiff's work.

12.     During all relevant times, the Company employed more than four (4) people for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year, and is an employer within the definition of the Human Rights and City Laws.

13.     During all relevant times, the Company employed at least fifteen (15) people for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year, and constituted an employer within the definition of Title VII.

14.     During all relevant times, Defendant Blake has had an ownership interest in the Company and has maintained the authority to personally implement personnel decisions such as hiring, firing, and setting compensation of employees, and as such, is an employer within the definition of the Human Rights and City Laws.

15.     Defendant Blake is also individually liable for his unlawful conduct under the City Law as he is an employee or agent of the Company within the definition of § 8-107 (1) (a) of the City Law.

## FACTUAL ALLEGATIONS

*Background*

16.    Defendants hired Plaintiff in or about April 2014 as a "clue master."

17.    In that capacity, Plaintiff was responsible for providing clues to clients during their interactive experience and to assist them in escaping the room.

18.    Due to Plaintiff's positive performance as a clue master, within a few months, Defendants promoted Plaintiff to the position of customer service representative.

19.    Throughout Plaintiff's employment with Defendants, Plaintiff met or exceeded the performance expectations of her position.

*Defendants' Sexual Harassment and Assault and Battery of Plaintiff*

20.    On or about September 15, 2014, Defendant Blake hosted a Company social event after work hours at a comedy club located at 15 Saint Marks Place, New York, NY. The event included food, alcohol, and entertainment.

21.    Throughout the evening, Defendant Blake continuously flirted with Plaintiff, stared at her, and forced himself into her conversations with other individuals.

22.    At the conclusion of the party, Plaintiff attempted to go home on the train with her colleagues; however, Defendant Blake insisted that she take a cab ride with him instead, demanding "You come with me."

23.    At that time, the Company's co-owner and General Manager, Jack De Stefano, attempted to go in the cab with Plaintiff and Defendant Blake, but Defendant Blake pushed Mr. De Stefano out and said "Just us two."

24.    In the cab, Defendant Blake forced himself onto Plaintiff and kissed and inappropriately touched her, ignoring her pleas for him to stop and let her go home.

25.    At Defendant Blake's direction, the cab driver dropped Plaintiff and Defendant Blake off in an abandoned area of Brooklyn.

26.    At that time, Defendant Blake continued his inappropriate touching of Plaintiff and repeatedly threw her up against brick walls and a parked car while kissing her, groping her, and attempting to put his hands down her pants.

27.    Defendant Blake continually ignored Plaintiff's pleas for him to stop.

28.    Defendant Blake's advances were so violent that Plaintiff sustained several bruises as a result.

29.    At one point, Defendant Blake pulled out his penis in front of Plaintiff and urinated while maintaining eye contact with her and pulling her against him.

30.    Defendant Blake eventually hailed another cab and directed the driver to take them to Plaintiff's apartment.

31.    Despite Plaintiff's insistence that Defendant Blake not enter her apartment, Defendant Blake entered nonetheless, and he continued his sexual assault of Plaintiff.

***Plaintiff's Constructive Termination***

32.    Approximately three (3) days after Defendant Blake's sexual assault of Plaintiff, Plaintiff and other Company employees complained that they were concerned about their safety at work given Defendant Blake's violent behavior.

33.    Approximately three (3) days later, Defendants issued for the first time a sexual harassment policy.

34.    On or about September 22, 2014, Plaintiff complained to Jack De Stefano regarding Defendant Blake's inappropriate conduct on the night of September 15, 2014.

35.     During this meeting, Mr. De Stefano notified Plaintiff that, on the night of September 15, 2014 before the social outing began, Defendant Blake asked him "Ya think I can coerce Brittany tonight?"

36.     On or about September 25, 2014, Defendants held a meeting to discuss the new sexual harassment policy with their staff.

37.     The same day, Defendant Blake met with Plaintiff and a company manager, Rita Rosenfeld.

38.     During this meeting, Defendant Blake apologized to Plaintiff for his inappropriate behavior on September 15, 2014 and stated that he is a "brute" and admitted in sum and substance that he takes girls and sleeps with them.

39.     Plaintiff told Defendant Blake that what he did was not okay and that it was not consensual.

40.     Plaintiff expressed concern for the safety of her co-workers and asked Defendant Blake whether he would engage in his inappropriate conduct with others in the future, to which Defendant Blake replied "Honestly? Probably."

41.     Due to the hostile work environment to which Plaintiff was subjected, on or about September 25, 2014, Plaintiff notified Defendant Blake that she could no longer continue to work for the Company.

## FIRST CLAIM FOR RELIEF
### (Title VII Gender Discrimination Against Defendants Escape the Room Experience and Escape the Room)

42.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

43.     By the acts and practices described above, Defendants Escape the Room Experience and Escape the room, through their agents, created a hostile environment constituting sexual harassment and gender discrimination in violation of Title VII.

44.     Defendants Escape the Room Experience and Escape the room discriminated against Plaintiff by subjecting her to harassment of a severe and/or pervasive nature affecting the terms, conditions, and privileges of her employment.

45.     Additionally, by the acts and practices described above, Defendants Escape the Room Experience and Escape the room constructively terminated Plaintiff's employment based on Plaintiff's membership in a protected class by intentionally making Plaintiff's working environment so intolerable that a reasonable person in Plaintiff's position would be compelled to resign.

46.     Defendants Escape the Room Experience and Escape the room knew that their actions constituted sexual harassment of such a severe and pervasive nature as to create a hostile work environment and/or willfully disregarded Plaintiff's statutorily protected rights.

47.     Defendants Escape the Room Experience and Escape the room intentionally refused to investigate and/or take appropriate remedial action to correct the harassing behavior and failed to adequately respond to Plaintiff's complaints.

48.     Plaintiff is now suffering mental anguish, pain, suffering, and monetary damages as a result of The Company's discrimination and unlawful harassment under Title VII.

## SECOND CLAIM FOR RELIEF
### (NYSHRL Gender Discrimination Against all Defendants)

49.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

50.     By the acts and practices described above, Defendants created a hostile environment constituting sexual harassment and gender discrimination in violation of the NYSHRL.

51.     Additionally, by the acts and practices described above, Defendants constructively terminated Plaintiff's employment based on Plaintiff's membership in a protected class by

intentionally making Plaintiff's working environment so intolerable that a reasonable person in Plaintiff's position would be compelled to resign.

52.     Defendant Blake is individually liable as he has an ownership interest in the Company and has maintained the authority to personally implement personnel decisions such as hiring, firing, and setting compensation of employees, and as such, is an employer within the definition of the NYSHRL.

53.     Defendants knew that their actions constituted sexual harassment of such a severe and pervasive nature as to create a hostile work environment and/or willfully disregarded Plaintiff's statutorily protected rights.

54.     Defendants intentionally refused to investigate and/or take appropriate remedial action to correct the harassing behavior and failed to respond to Plaintiff's complaints.

55.     Plaintiff is now suffering mental anguish, pain, suffering, and monetary damages as a result of Defendants' unlawful discrimination and harassment in violation of the NYSHRL.

### THIRD CLAIM FOR RELIEF
### (NYCHRL Gender Discrimination Against all Defendants)

56.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

57.     By the acts and practices described above, Defendants created a hostile environment constituting sexual harassment and gender discrimination in violation of the NYCHRL.

58.     Additionally, by the acts and practices described above, Defendants constructively terminated Plaintiff's employment based on Plaintiff's membership in a protected class by intentionally making Plaintiff's working environment so intolerable that a reasonable person in Plaintiff's position would be compelled to resign.

59.     Defendant Blake is individually liable as he has an ownership interest in the Company and has maintained the authority to personally implement personnel decisions such as hiring, firing,

8

and setting compensation of employees, and as such, is an employer within the definition of the NYCHRL.

60.    Moreover, Defendant Blake is an "employee or agent" of the Company within the definition of § 8-107 (1) (a) of the NYCHRL.

61.    Defendants knew that their actions constituted sexual harassment and/or willfully disregarded Plaintiff's statutorily protected rights.

62.    Defendants intentionally refused to investigate and/or take appropriate remedial action to correct the harassing behavior and failed to respond to Plaintiff's complaints.

63.    Plaintiff is now suffering mental anguish, pain, suffering, and monetary damages as a result of Defendants' unlawful discrimination and harassment in violation of the NYCHRL.

### FOURTH CLAIM FOR RELIEF
### (Common Law Assault Against Defendant Blake)

64.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

65.    By the acts and practices described above, Defendant Blake voluntarily acted in a manner that he knew would put Plaintiff in apprehension of suffering a harmful or offensive bodily contact and/or intentionally put Plaintiff in apprehension of suffering a harmful or offensive bodily contact.

66.    Defendant Blake had the apparent ability to, and in fact did, cause a harmful or offensive bodily contact with Plaintiff.

67.    That through Defendant Blake's conduct, Plaintiff was, in fact, placed in apprehension of suffering a harmful or offensive bodily contact.

68.    Defendant Blake's conduct was willful and malicious, and he deliberately disregarded Plaintiff's protected rights.

9

69.   Plaintiff is now suffering mental anguish, pain, suffering, and monetary damages as a result of Defendant Blake's unlawful tortious conduct.

## FIFTH CLAIM FOR RELIEF
### (Common Law Battery Against Defendant Blake)

70.   Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

71.   By the acts and practices described above, Defendant Blake intentionally caused a harmful or offensive bodily contact with Plaintiff's person.

72.   The contact caused by Defendant Blake was both subjectively offensive to Plaintiff and would be objectively offensive to a reasonable person in Plaintiff's position.

73.   Defendant Blake's conduct was willful and malicious, and he deliberately disregarded Plaintiff's protected rights.

74.   Plaintiff is now suffering mental anguish, pain, suffering, and monetary damages as a result of Defendant Blake's tortious conduct.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment:

a)   awarding, on the First through Fifth Causes of Action, compensatory, punitive, mental anguish, and pain and suffering damages as a result of Defendants' discriminatory and tortious conduct, in an amount exceeding the jurisdictional requisites;

b)   awarding Plaintiff such interest as allowed by law;

c)   awarding Plaintiff her reasonable attorneys' fees and costs; and

d)   granting such other and further relief as this Court deems necessary and proper.

[no further text on this page]

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury.

Dated: September 9, 2015
New York, New York

Liane Fisher, Esq. (LF5708)
Corey Stein, Esq. (CS3863)
SERRINS FISHER LLP
*Attorneys for Plaintiff*
233 Broadway, Suite 2340
New York, New York 10279
(212) 571-0700

11